IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-27-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CHAUNCEY GREEN ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

On August 4, 2014, defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. 841(a)(1). On December 7, 2014, the Court sentenced him to 131 months' imprisonment. Defendant presently resides at FCI Coleman Low and has a scheduled release date of February 20, 2022. He is fifty-one years old and suffers from obesity. On October 27, 2020, defendant filed the instant motion for compassionate release. In his motions, he contends that his health condition, in light of the COVID-19 pandemic, constitute an extraordinary and compelling reason warranting compassionate release. He also argues that he is at a higher risk of contracting COVID-19 because he is African American and that, had his Residential Drug Abuse Treatment Program not been suspended because of COVID, he would have been eligible for release in early 2021 upon completing the program. The government has responded in opposition.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. Prior to the passage

of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.*

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 944(t). As of now, however, there is no applicable policy statement governing compassionate-release motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended. *United States v. McCoy*, No. 20-6821, No. 20-6869, No. 20-6875, No. 20-6877, 2020 U.S. App. LEXIS 37661, at *27 (4th Cir. Dec. 2, 2020). Therefore, district courts may consider "*any* extraordinary and compelling reason for release that a defendant might raise." *Id.* (citing *United States v. Booker*, 976 F.3d 228, 230 (2d Cir. 2020)). In addition to considering whether extraordinary and compelling circumstances are present, a court must further

---

[1] Pub. L. 115-391, 132 Stat. 5194.

consider the 18 U.S.C. § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(2).

Defendant argues that his health condition, combined with his race, constitutes an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). The government asks the Court to deny relief because extraordinary and compelling circumstances are not present and because defendant is a danger to the community.

The Court finds that the § 3553(a) factors caution against relief in this case. At the time he committed the offense, defendant was under a state sentence for obstruction of justice. Defendant was designated a career offender due to his prior drug-trafficking convictions. He also has nine felony convictions and a history of violating the terms of his state parole and probation. Having reviewed the record and considered the relevant factors, the Court finds that the sentence imposed remains sufficient but not greater than necessary to serve the purposes of sentencing enumerated in § 3553(a). Accordingly, the Court concludes that relief under 18 U.S.C. § 3582(c)(1)(A) is not warranted.

## CONCLUSION

Defendant's motion for compassionate release [DE 67, 68] is DENIED.

SO ORDERED, this 21 day of January, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE